UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MERCEDES BENZ, USA, LLC.,

      Plaintiff,

v.                                          HON. AVERN COHN

JAMES LEWIS,                          Case No. 19-10948
JEFF SOTO and MAXX GRAMAJO,
DANIEL BOMBARDIER,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 31)

I.

These are declaratory judgment actions arising out of alleged copyright

infringement violations.  Plaintiff Mercedes Benz USA, LLC (Mercedes) filed three (3)

declaratory judgment actions in this district against defendants who are artists.[1]  The

dispute arose when Mercedes posted six (6) of the photographs on Instagram which

depict in whole or in part murals painted on public buildings in Detroit by defendants.

Defendants, through counsel, sent letters to Mercedes contending that the use of

defendants' murals violates copyright law.  Mercedes responded by seeking declaratory

relief.  Defendants moved to dismiss, contending that the complaints failed to state a

claim because (1) the case is not ripe as defendants have not registered copyrights, (2)

Mercedes failed to state a claim under the Architectural Works Copyright Protection Act

---

[1]The three cases were consolidated.  See ECF No. 25.

(AWCPA), 17 U.S.C. § 120(a).[2]  The Court denied the motions.  ECF No. 23.

Before the Court is defendants' motion for reconsideration, contending that the Court erred in finding that Mercedes alleged a plausible claim under the AWCPA.  For the reasons which follow, the motion is DENIED.

## II.

A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case.  See E.D. Mich. LR 7.1(h)(3);  Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004).  A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted.  See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

## III.

Defendants have failed to meet the high standard for reconsideration.  Defendants seem to acknowledge that their motion largely presents the same arguments considered and rejected in denying their motion to dismiss but urge the Court to reconsider, implying that the Court did not first carefully consider its arguments.  Having reviewed the motion and Mercedes response, the Court is satisfied that it did not err in allowing Mercedes to assert a claim that the AWCPA shields it from an infringement action.  Whether this claim will survive further scrutiny as the case progresses is another matter.  All the Court has said is that Mercedes has the right to

---

[2]Two of the defendants also argued the Court lacked personal jurisdiction over them.

raise a claim under the AWCPA.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/18/2019
Detroit, Michigan